19965

Ex parte the STATE of South Carolina, Appellant, v. In re Joyce BLANDING, child under the age of seventeen years, Respondent

(212 S. E. (2d) 256)

*Messrs. Daniel R. McLeod, Atty. Gen., C. Tolbert Goolsby, Jr., Dep. Atty. Gen., Robert M. Ariail, Asst. Atty. Gen.,* and *Sidney S. Riggs, III, Staff Atty.,* of Columbia, *for Appellant,*

38

*Dallas D. Ball, Esq.,* of Columbia, *for Respondent,*

February 24, 1975.

NESS, Justice:

This dispute involves the jurisdiction of the Family Court of Richland County to dispose of a murder charge against Joyce Blanding, a child of thirteen years and eleven months. Judge J. McNary Spigner of the Family Court ruled that the Family Court had jurisdiction. The State has appealed from that ruling.[1]

Prior to the Constitutional Amendments voted upon by the electorate in 1972 and ratified in 1973 by the General Assembly, the Circuit Court was vested with *exclusive* jurisdiction to try cases for murder, regardless of the age of the defendant. South Carolina Constitution, Article 5, § 1 (1962 Code). Under the current constitutional provision, *the Circuit Court is not granted exclusive jurisdiction for*

[1] The Chief Justice, for this Court, issued an order of *supersedeas* on July 24, 1974, so that this matter would not be adjudicated by the Family Court pending appeal.

*any offenses.* South Carolina Constitution, Article 5, § 7 (1973 Cum. Supp.). Thus, the General Assembly may grant jurisdiction to the Family Court to dispose of all charges filed against a child.

We are convinced that, at the present time, the General Assembly has not yet ceded jurisdiction to the Family Court. Act Number 503 (1973) provides:

"All courts in existence in this State on the effective date of the ratification of Article V of the State Constitution . . . shall continue in existence, with *all the powers and duties vested in them prior to such ratification,* until such time as the schedule, provided for in Section 22 of Article V, has been implemented." (Emphasis added).

The schedule provided for by Section 22 of Article V has not yet been implemented. Unquestionably the Circuit Court had exclusive jurisdiction to try charges for murder prior to the ratification of the Constitutional Amendment. The Family Court could not now consider the charge without detracting from the exclusive power of the Circuit Court. Therefore, until Section 22 is implemented or Act Number 503 is amended, the Circuit Court continues to possess exclusive jurisdiction. Accordingly, the Family Court of Richland County is without jurisdiction to adjudicate the charge of murder against the respondent.

For the above stated reasons, we find that the order of the Family Court must be reversed. This case is remanded to the General Sessions Court for the Fifth Judicial Circuit.

Reversed and remanded.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.